UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Social Security Cases ) | **AMENDED ORDER** |
| ) | |
| _____ ) | |

    In order to promote the efficient and speedy review of Social Security cases on appeal to this Court from the Social Security Administration (the Agency) under 42 U.S.C. § 405(g), the Court finds it appropriate to amend the April 28, 2021 Standing Order (*see* No. 3:21-mc-00212-RBH) so as to extend several of that order's provisions for an additional six months. It is hereby ORDERED, effective immediately, that the following provisions shall control these cases. This order shall remain in effect for six months from the date below, at which time the Court will review the procedures below to determine whether this order should be further extended.

<u>Applicability of these Rules</u>

    This order governs any action under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim. The Federal Rules of Civil Procedure and the Local Civil Rules also apply, except to the extent they are inconsistent with this order.

<u>Representation of the Social Security Administration</u>

    Attorneys from the Agency are permitted to serve as Special Assistant U.S. Attorneys to represent the agency in Court and to file electronically without being admitted to the South Carolina Bar. These Special U.S. Attorneys and their assistants are exempt from the requirements of Local Civil Rules 83.I.01–83.I.06.

Initial Service of Process

When a complaint that falls within the scope of this standing order is filed, the Clerk of Court shall issue a Notice of Electronic Filing (NEF) using the Case Management and Electronic Filing (CM/ECF) system, notifying the appropriate Regional Social Security Administration Office of the General Counsel and the United States Attorney's Office of the case. No summonses shall issue.

All documents filed after the original complaint must be served by the parties in the manner required by Federal Rule of Civil Procedure 5.

Response to Complaint

The electronic certified administrative record (eCAR) filed by the Agency shall be deemed as the Agency's answer to the complaint, unless a separate answer or motion to dismiss is filed when the eCAR is filed.

Local Civil Rule 83.VII.03 provides the Agency 120 days to respond to the complaint. The April 28, 2021 order granted the Agency an additional 60 days in addition to respond. That 60-day extension was necessitated by the nationwide backlog that was created in 2020 when the Agency shifted to preparing the eCAR remotely due to the COVID-19 pandemic. The extension is no longer necessary, so the Agency's response to the complaint is now due in 120 days as Local Civil Rule 83.VII.03 provides. The Agency may request an extension of time to respond to the complaint so long as the extension request is filed 10 days in advance of the deadline.

When a case that meets the criteria for being expedited as a critical case as defined by the Agency's Hearings, Appeals, and Litigation Law Manual has not already been expedited by the Agency the claimant's counsel shall confer with agency counsel about that issue as soon as possible. *See* Local Civ. Rule 7.02 (D.S.C.). If the parties cannot agree on whether the case

- 3 -

should be expedited, the claimant may file a motion seeking an order requiring that the eCAR be prepared and filed in a shorter timeframe than what this order would otherwise allow.

ORDERED this __6__ day of __Oct.__ 2021.

FOR THE COURT:

__R. Bryan Harwell__
R. Bryan Harwell, Chief Judge
United States District Court
District of South Carolina

Florence, South Carolina